IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 18-00013 |
| Plaintiff, | ) | |
| vs. | ) | **REPORT & RECOMMENDATION CONCERNING VIOLATIONS OF SUPERVISED RELEASE CONDITIONS IN A FELONY CASE** |
| VINCENT Q. LUJAN, | ) | |
| Defendant. | ) | |

Pending before the court are a petition and supporting declaration (together, the "Violation Petition) filed on October 29, 2025, a Supplemental Declaration filed on November 6, 2025, and a Second Supplemental Declaration filed on February 23, 2026. *See* ECF Nos. 135, 141 and 146. These filings allege that the Defendant violated his supervised release conditions as follows:

1. failed to provide a urine specimen for testing on September 24 and 30, 2025, and October 22 and 30, 2025; and

2. admitted to the use of "ice" on September 23 and 30, 2025, and October 21 and 28, 2025; and

3. failed to appear for substance abuse assessments on November 5 and 10, 2025.

On January 23, 2026, the Defendant admitted to the allegations 1 and 2 above. *See* Mins., ECF No. 143. On February 24, 2026, the Defendant entered admissions allegation 3 above. *See* Mins., ECF No. 147. Having heard from the parties, the court now issues this Report and Recommendation as to an appropriate disposition for the supervised release violations.

**BACKGROUND**

**A.     Conviction and Sentence**

On June 11, 2019, the Defendant was sentenced to 78 months' and five years of supervised

release for Conspiracy to Distribute 50 or More Grams of Methamphetamine Hydrochloride. *See* J., ECF No. 38. Among various conditions of supervised release imposed, the Defendant was ordered to refrain from the unlawful use of a controlled substance, participate in a substance abuse treatment program which may include up to eight tests per month, and perform 50 hours of community service in lieu of a fine.[1] *Id.* at 3 and 5.

The Defendant served his sentence and commenced supervised release on July 21, 2022.

**B.    Post-Conviction Conduct**

On April 10, 2023, the probation officer filed an Informational Report, *see* ECF No. 84, alleging that the Defendant tested presumptive positive for methamphetamine during a drug test at the Lighthouse Recovery Center ("LRC"). The sample was sent for lab analysis because the Defendant denied use of illegal drugs. On April 5, 2023, the Defendant reported to the probation office for a noncompliance meeting, at which time he admitted to the use of "ice" from March 29-31, 2023, and on April 4, 2023. The Defendant claimed he relapsed because of "personal stressors."

On May 10, 2023, the probation officer filed a second Informational Report, *see* ECF No. 90, alleging that the Defendant failed to participate in a substance abuse treatment program. According to the probation officer, the Defendant was not responding to calls from LRC for treatment. The last attempt to reach him was on May 3, 2023, but the Defendant never called LRC back.

On August 31, 2023, the probation officer filed a violation petition and two supplemental declarations thereafter. *See* ECF Nos. 94, 96 and 98. As a result, on May 9, 2024, the Chief Judge revoked the Defendant's supervised release term and sentenced him to two weeks imprisonment, followed by 48 months of supervised release. *See* Revocation J., ECF No. 109. The revocation was based on three positive sweat patches, admissions to the use of "meth" and "ice," failure to provide valid urine samples for testing, failure to participate in substance abuse counseling, and failure to report for drug testing. *Id.* and R. & R., ECF No. 104.

On June 26, 2025, the Chief Judge revoked the Defendant's supervised release term for a

---

[1] The court ordered that this requirement would be suspended if the Defendant was gainfully employed full-time. *Id.* at 5.

second time. The court sentenced the Defendant to three months' imprisonment, with credit for time served, and 45 months of supervised release for failing to report for drug tests, testing positive for methamphetamine on sweat patches and admitting to the use of "meth," and failing to comply with substance abuse treatment requirements. *See* Second Revocation J., ECF No. 132.

The Defendant's current term of supervised release commenced on August 6, 2025.

## CURRENT VIOLATIONS

**A.    Filing of Violation Petition**

On October 29, 2025, the probation officer filed the instant Violation Petition, *see* ECF No. 135, alleging that the Defendant committed the violations as noted below.

| DATE | ALLEGATION |
| --- | --- |
| September 24, 2025 | Defendant reported to LRC for a drug test but was unable to provide a urine sample. He signed an admission form that he used "ice" on September 23, 2025. |
| September 20, 2025 | Defendant did not provide a urine sample when he reported to LRC for drug testing and subsequently signed an admission form that he used "ice" that same day. |
| October 22, 2025 | Defendant reported to LRC for a drug test but could not provide a urine sample. He signed an admission form that he used "ice" on October 21, 2025. |

The probation officer requested that a summons issue for the Defendant to answer to the alleged violations.

On October 30, 2025, the court issued an order granting the request for a summons and setting a hearing for November 4, 2025, to answer to the allegations. *See* Order, ECF No. 135.

**B.    Initial Appearance**

On November 4, 2025, the Defendant appeared before the court as summoned, and the Federal Public Defender was appointed to represent him. *See* Mins., ECF No. 139. The probation officer stated that the Defendant reported to the probation office on October 30, 2025, for drug testing and admitted to drug use on October 28, 2025. She further stated that the Defendant has an appointment for an assessment with Guam Behavioral Health and Wellness Center ("GBHWC") on November 5, 2025, in an attempt to get into the detox program. The court continued the matter to November 6, 2025, and ordered the Defendant to return then unless he was in the detox program,

at which point the hearing would be continued for two weeks.

**C.     Filing of Supplemental Declaration**

On November 6, 2025, the probation officer filed a Supplemental Declaration, *see* ECF No. 141, to memorialize what had been reported at the November 4th hearing regarding the Defendant failing to provide a urine sample for drug testing on October 30, 2025, and his subsequent admission to using "ice" on October 28, 2025. The probation officer also noted that the Defendant contacted her on November 5, 2025, to report that he did not attend his appointment at GBHWC because he overslept and had no transportation, but he rescheduled the appointment for November 10, 2025.

**D.     Issuance of Arrest Warrant and Detention**

On November 6, 2025 the case came before the court, but the Defendant was not present. *See* Mins., ECF No. 142. The court ordered that a warrant issue for the Defendant's arrest.

On January 21, 2026, the Defendant was arrested. *See* ECF No. 144.

He appeared in court on January 23, 2026, and entered admissions to all the allegations. *See* Mins., ECF No. 143. The probation officer noted that she failed to include a third allegation in the worksheets regarding the Defendant missing a substance abuse assessment on November 5, 2025, although the underlying facts were included in the Supplemental Declaration. The court then instructed the probation officer to file an amended worksheet to include the missed assessment appointment. The court ordered the Defendant to be detained pending arguments on disposition, which was scheduled for February 24, 2026.

**E.     Filing of Second Amended Violation Worksheet and Second Supplemental Declaration**

On January 28, 2026, the probation officer filed a Second Amended Violation Worksheet which noted that the Defendant failed to appear for substance abuse assessments on November 5 and 10, 2026. *See* ECF No. 145.

On February 23, 2026, the probation officer filed a Second Supplemental Declaration to explain the missed assessment on November 10, 2026, which was included in the Second Amended Violation Worksheet. *See* ECF No. 146. The probation officer stated that after the Defendant's last court hearing, she contacted GBHWC to verify whether the Defendant attended his substance abuse

assessment. The probation officer was informed that the Defendant did not appear for his appointments on November 5 and 10, 2026.

**F.    Further Admissions**

On February 24, 2026, the parties returned to court, and the Defendant admitted that he missed the two substance abuse assessments. *See* Mins., ECF No. 147. Counsel and the probation officer then presented their respective positions on an appropriate sanction of the violations. The court took the matter under advisement and ordered the Defendant to remain detained pending the final disposition hearing. Having reviewed the record herein and considered the parties' recommendations, the court now issues this Report and Recommendation for the Chief Judge's consideration.

## LEGAL STANDARD

The standard of proof for revocation of supervised release is governed by statute. A district court may revoke a term of supervised release only if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). *See also United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation). Revocation is mandatory if a defendant fails to comply with required drug testing or tests positive more than three times over the course of one year. *See* 18 U.S.C. § 3583(g)(3) and (4).

## PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED

The Second Amended Violation Worksheet notes that the allegations are Grade C violations, with a guidelines range of 3-9 months of imprisonment, based on the Defendant's criminal history category of I, followed by 47-53 months of supervised release. *See* Second Am. Violation Worksheet at ¶¶ 7-10 and 13, ECF No. 145. This is the Defendant's third revocation proceeding. His underlying conviction was for a Class A felony, so the maximum revocation sentence that can be imposed is five years. His first revocation sentence was two weeks' imprisonment and the second revocation was for three months.

Because this was the Defendant's third revocation and consistent with the policy of imposing

graduated sanctions, the probation officer recommended a mid-range sentence of six months' imprisonment, followed by 50 months of supervised release. Counsel for the United States concurred in this recommendation.

Defense counsel urged the court to impose a three-month sanction instead because the violations were based solely on his continuing addiction to methamphetamine. Ms. Kottke asserted that any longer sentence would be more punitive, particularly because the Bureau of Prisons would likely keep the Defendant incarcerated on Guam, and the conditions at the Guam Department of Corrections fall far below acceptable standards. Defense counsel argued that a lengthy incarceration period does not serve the purpose of rehabilitation, particularly here where the Defendant's goal was to get back into treatment to address his addiction. Counsel further noted that the Defendant's sister was in the courtroom and asserted that family support can improve treatment outcomes.

The court agrees with defense counsel that a longer incarceration period will not rehabilitate the Defendant, particularly because he will not have any access to drug treatment programs while detained at the Guam Department of Corrections. The Defendant needs more substance abuse treatment, not less. Additionally, the instant violations are all drug related and do not involve the commission of new criminal offenses. The minimum sentence of three months is reasonable, reflects the seriousness of the violations and will provide the Defendant with the opportunity to re-engage with treatment to address his addiction.

**RECOMMENDATION BY MAGISTRATE JUDGE**

Having considered the above factors, the undersigned recommends the District Judge accept the Defendant's admissions to the violations noted above, revoke the Defendant's supervised release term and impose a sentence of three months, with credit for time served,[2] followed by 53 months of supervised release.

///

///

///

---

[2] The Defendant has been detained since his arrest to January 21, 2026. *See* ECF No.

A disposition hearing shall be held on March 12, 2026, at 1:30 p.m., unless otherwise rescheduled by the District Judge.

IT IS SO RECOMMENDED.



**/s/ Michael J. Bordallo**
    **U.S. Magistrate Judge**
**Dated: Feb 25, 2026**

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge.  28 U.S.C. § 636(b)(1)(B).**